IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID K. LEWIS, et al,

        Plaintiffs,                No. 2:12-cv-0986 JAM EFB P

    vs.

GARDINER, et al.,

        Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

                                     /

       Plaintiffs David Lewis, Ken Marchesin, and Robert Mistriel are state prisoners proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1]  For the reasons that follow, the court finds that this action should be severed and that each plaintiff should proceed with his own separate lawsuit.

       Generally, plaintiffs may join in one action if (1) they assert any right to relief arising out of the same transaction or occurrence, and (2) any question of law or fact common to all plaintiffs will arise in the action.  Fed. R. Civ. P. 20(a).  Before allowing the permissive joinder

---

[1] On May 31, 2012, plaintiff Marchesin notified the court that plaintiff Lewis was deceased.  Dckt. No. 9.  He did not, however, file a formal suggestion of death in accordance with Rule 25 of the Federal Rules of Civil Procedure, which establishes the procedure to be followed if a party dies during the pendency of an action.  *See* Fed. R. Civ. P. 25; *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994).

of plaintiffs, however, the court must examine whether it would "'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Insurance Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). The court may, "on just terms" add or drop a party or sever any claim against a party. Fed. R. Civ. P. 21. Should the court determine that permissive joinder is not appropriate, it may "dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs . . . ." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

Here, the court finds that permissive joinder would be unfair and prejudicial to both the plaintiffs and the defendants, and would not promote judicial economy. Actions brought by multiple prisoners proceeding without counsel present unique problems not presented by ordinary civil litigation. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In this case, each plaintiff could represent himself pro se, but none of them could represent each other.[2] *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986). Thus, each plaintiff would have to sign and file his own papers with the court, and any joint filings would have to be signed by every plaintiff. It would likely lead to confusion and delay if each plaintiff proceeded to independently file motions or notices on his own behalf. And it is doubtful that the plaintiffs would be able to maintain this action through joint filings given the California Department of

---

[2] For this reason, the court must also recommend that the complaint's request for class certification be denied. *See* Dckt. No. 1. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes nearly absolute when, as here, the putative class representative(s) are incarcerated and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Plaintiff(s) cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976).

2

Corrections and Rehabilitation's restrictions on inmate-to-inmate communications. *See* Cal. Code Regs. tit. 15, § 3139. Plaintiffs' need to communicate, of course, would extend beyond the coordination of their signature pages for their court filings. Plaintiffs would need to agree upon a case strategy, including what papers to file with the court and when, how to conduct discovery, and how to proceed in the event this case is set for trial. The limitations on inmate-to-inmate communications would be further exacerbated in this case because plaintiffs Lewis and Marchesin are confined to High Desert State Prison, but plaintiff Mistriel is confined to Kern Valley State Prison. Under these circumstances, the court finds that permissive joinder is not appropriate.

In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 (PLRA) suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately. To proceed with a civil action each plaintiff must pay the $350 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed *in forma pauperis* and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding *in forma pauperis*, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must *each* pay the full filing fee. *E.g.*, *Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C. § 1915(b)(3) provides that "in no event shall the filing fee

3

1 collected exceed the amount of fees permitted by statute for the commencement of a civil
2 action." If multiple prisoners were permitted to proceed with a joint action, and each paid the
3 full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of
4 fees collected would exceed the amount permitted by statute for commencement of the action, in
5 violation of § 1915(b)(3).

6     To avoid the problems related to fairness, case-management, and filing fees, the court
7 will recommend that this action proceed only as to David Lewis, the first named plaintiff, and
8 that plaintiffs Ken Marchesin and Robert Mistriel be dropped from this action, without prejudice
9 to their filing of separate lawsuits.

10     Accordingly, it is hereby RECOMMENDED that the requests for permissive joinder of
11 plaintiffs and for class certification be denied, and that plaintiffs Ken Marchesin and Robert
12 Mistriel be dismissed from this action.

13     These findings and recommendations are submitted to the United States District Judge
14 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
15 after being served with these findings and recommendations, any party may file written
16 objections with the court and serve a copy on all parties.  Such a document should be captioned
17 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
18 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
19 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
20 Dated: June 18, 2012.

                                EDMUND F. BRENNAN
                                UNITED STATES MAGISTRATE JUDGE

4