IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID K. LEWIS, et al,

      Plaintiffs,                    No. 2-12-cv-0986 JAM EFB P

    vs.

GARDINER, et al.,

      Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

On April 13, 2012, plaintiff David Lewis, a state prisoner proceeding without counsel, filed this civil rights action.[1] On June 29, 2012, the United States Postal Service returned mail addressed to plaintiff as undeliverable, with the notation, "Deceased."

A district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).

---

[1] Plaintiff initially filed this action with two other plaintiffs. Dckt. No. 1. On August 28, 2012, however, the court denied the plaintiffs' request for permissive joinder and for class certification and dismissed the additional plaintiffs. Dckt. No. 11.

1    A party appearing without counsel must keep the court and all parties apprised of his
2 current address. L.R. 183(b). If mail directed to such a plaintiff is returned by the postal service
3 and plaintiff fails to notify the court and opposing parties within 63 days thereafter of his current
4 address, the court may dismiss the action without prejudice for failure to prosecute. *Id*. More
5 than 63 days have passed since the postal service returned the mail and plaintiff has not notified
6 the court of his current address.

7    In light of plaintiff's apparent death, it is impossible for him to prosecute this action. The
8 court has considered whether to appoint counsel to represent plaintiff's estate, but finds there are
9 no exceptional circumstances for doing so in this case. *See* 28 U.S.C. § 1915(e)(1); *Terrell v.*
10 *Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36
11 (9th Cir. 1990); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Moreover, the public's
12 interest in expeditiously resolving this litigation and the court's need to manage its docket weigh
13 in favor of dismissal. Here, less drastic alternatives are not available and this action must
14 therefore be dismissed.

15    Accordingly, it is hereby RECOMMENDED that this action be dismissed. *See* Fed. R.
16 Civ. P. 41(b); L. R. 110, 183(b).

17    These findings and recommendations are submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
19 after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties. Such a document should be captioned
21 "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections
22 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
23 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

24 Dated: October 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2